RUTLAND RAILWAY LIGHT & POWER COMPANY *v.* BURDITT
BROTHERS.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 7, 1920.

*Express Contract Rate for Electricity May Be Changed by
Public Service Commission—Such Rate Cannot Be Changed
by Public Service Corporation Filing New Schedule of
Rates with Commission.*

1. The rate charged for electricity under an express contract between
   a public service corporation and one of its customers may be
   changed during the term of the contract by the Public Service
   Commission.
2. Such contract rate cannot be changed by the public service cor-
   poration simply by filing new schedules increasing its rates
   with the Public Service Commission, but can be changed only
   by agreement of the parties, or by the Public Service Commis-
   sion, upon due notice and hearing, under G. L. 5689.

ACTION OF CONTRACT. Plea, the general issue. Heard on
an agreed statement of facts by the Rutland City Court, Rutland
County, *G. M. Goddard,* Judge. Judgment *pro forma* for the
defendants. The plaintiff excepted. The opinion states the
case.

*Lawrence, Lawrence & Stafford* for the plaintiff.

*Webber & Leamy* for the defendants.

MILES, J. The only question in this case is whether a public
service corporation, furnishing electric energy under an express
contract with one of its customers, for a term of years, at a
specified rate, can of its own motion, and without the consent of
its customer, or action on the part of the Public Service Com-
mission, during the term of the contract, change the contract
rate to a higher rate, and recover against the customer, a rate ex-

ceeding the rate fixed in the contract, by simply filing a schedule of the increased rate with the Public Service Commission.

[1]    That the rate charged for electricity under an express contract between such a corporation and one of its customers may be changed during the term of the contract by the Public Service Commission is not disputed, and such is the law.    *N. Y.,* *N. H. & H. R. R. Co.* v. *Interstate Commerce Commission,* 200 U. S. 361, 50 L. ed. 515, 26 Sup. Ct. 272; *Armour Packing Co.* v. *United States,* 209 U. S. 56, 52 L. ed. 681, 28 Sup. Ct. 428; *Union Dry Goods Co.* v. *Ga. Public Service Corporation,* 142 Ga. 841, 83 S. E. 946, L. R. A. 1916 E, 358; *Dawson* v. *Dawson Telephone Co.,* 137 Ga. 62, 72 S. E. 508; *Hocking Glass Co.* v. *Ohio Light & Power Co.* (Ohio) P. U. R. 1919 A, 496; *Leiper* v. *B. & O. R. Co.,* 262 Pa. 328, 105 Atl. 551; *Minneapolis R. R. Co.* v. *Menasha W. W. Co.,* 159 Wis. 130, 150 N. W. 411, L. R. A. 1915 F, 734; *Re Appalachian Power Co.,* P. U. R. 1919 D, 286; *Re Salem Light & Power Co.,* P. U. R. 1919 D, 882; *Public Service Commission* v. *Consolidated Gas E. L. & Power Co.,* P. U. R. 1919 A, 77.    But under our statute, could the plaintiff change the rate without the consent of the defendants, or without action on the part of the Public Service Commission, with hearing and notice?

The plaintiff agreed to furnish the defendants with electricity at a certain rate for five years from December 1, 1917, with the right in the defendants to renew the contract for an additional five years.    The defendants entered into that agreement with the plaintiff, and have fully performed on their part, according to its terms, to the time this suit was brought.

[2]    The fact that the statute requires the plaintiff to file with the Public Service Commission, within a time to be fixed by it, a schedule of its rates and notice of changes thereafter to be made, does not give it authority to change and collect the rate named in the schedule of changed rates.    The statute imposes that requirement upon the corporation as a duty, and not for its benefit, but for the public good.    The statute has provided the way in which rates may be changed and the manner in which it may be done.    It is provided in G. L. 5689, among other things as, follows: "The charges made by a person, company or corporation for electric energy so sold and distributed, shall be reasonable; and, in case the parties do not agree as to the amount of such charges, the Public Service Commission shall,

upon hearing and after proper notice to both, fix and determine the same, and may, upon like notice and hearing, from time to time change them." The statute provides just two ways by which the rates are fixed and changed: Either by agreement, or by the Public Service Commission upon due notice and hearing.

It is suggested by the plaintiff that, if the defendants felt aggrieved by the action of the plaintiff in raising the rate, their remedy was by complaint to the Public Service Commission. But it was not necessary for them to pursue that course. The contract rate was valid and binding upon both parties, but subject to revision by the Public Service Commission, as the public good might require. Therein the commission administers the police power of the State. All such contracts are made subject to the proper exercise of this power; but the parties to the contract are bound by its terms until they are lawfully modified. Neither party can of his own motion modify the contract by increasing or diminishing the rate; for that would be the exercise of the police power by a party to whom such power was not delegated. That power, in case of disagreement between the parties, is delegated to the Public Service Commission, and not to the parties in interest, and is to be exercised by that commission upon proper application and due notice.

*Judgment affirmed.*