# Town of Fairlee v. Boston & Maine Corporation

[ 244 A.2d 53 ]

February Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 2, 1968

Motion for Reargument Denied July 11, 1968

*Otterman & Allen* for the Plaintiff.

*Black & Plante* for the Defendant.

**Holden, C.J.** These proceedings originated in a petition of the town of Fairlee to the public service board. The town's complaint alleged the defendant railroad had failed to comply with certain statutory requirements in the maintenance of its right of way in the town of Fairlee. The petition states that residents of the town of Fairlee, conducting farming operations adjacent to the defendant's track, have been prevented from using their land for pasturing because of inadequate fencing. The town asserts that thistles and noxious weeds have spread from the railroad rights of way into adjoining

tillage land and farm crossings have become hazardous because of brush and trees which obscure the tracks from persons using the farm crossings. The town requested the board to order the defendant to construct adequate fences, maintain sufficient cattle guards at highway crossings and remove weeds, brush and trees along the road bed.

At the hearing, convened by the public service board in response to the petition, the defendant questioned the standing of the town to prosecute the petition and challenged the agency's jurisdiction of the subject matter of the complaint.

The board heard the parties, issued findings of fact and directed the defendant to construct sufficient fencing and remove trees and other vegetation at farm and grade crossings in the town of Fairlee within prescribed time limits. The order was stayed, pending review by this Court of questions concerning the authority of the town to present the complaint to the public service board and the jurisdiction of the board to act on it.

Since 1849, railroad companies operating in Vemont have been required by statute to construct and maintain farm crossings along their rights of way for the use of proprietors of lands adjoining the railroad. 30 V.S.A. §1471 (1849, No. 41 §44). The following year the duty and obligation to construct and maintain good and sufficient fences on the sides of the road was imposed on railroad operators. 30 V.S.A. §1474 (1850, No. 51 §1).

Later, in 1882, railroad companies were required to cut and destroy "thistles and noxious weeds" growing within the surveyed boundaries of the railroad. 30 V.S.A. §§1536, 1537 (1882, No. 40 §§ 1-2). In case of the railroads's failure to do so, the selectmen of the town, through which the road passed, shall notify the company and, if there is no compliance ten days after notice, the selectmen are required to remove the growth at town expense with a right to recover a penalty from the railroad in an action on the statute. In 1904 similar provisions were adopted, requiring the removal of trees within eighty rods of grade crossings. 30 V.S.A. §§1538, 1539. Upon the refusal or neglect of the railroad to comply, after sixty days written notice to the offender, the selectmen of the town concerned were called upon to do the necessary cutting and removal. And the statute imposes liability on the railroad for the damage occasioned by the neglect. 30 V.S.A. §§1538, 1539 (1904, No. 93 §§1-2).

■ The town's petition makes specific reference to these sections of the public service law. The defendant is quite correct in advancing the contention that these particular enactments were designed to afford special remedies to towns and private persons who have suffered from the railroad's failure to perform the duties imposed by these provisions. From this premise, the railroad argues that the town of Fairlee is not aggrieved, that these sections make no provision for complaint by a municipality to the public service board and that agency is without jurisdiction to order removal of weeds, shrubs and trees, unless and until the notice requirement to the railroad has been fulfilled.

This contention overlooks the impact of No. 126 of the Acts of 1906. The findings make it clear that the public service board, in taking jurisdiction, was mindful of other provisions of the public service law.

Prior to 1906 the railroad commission, as the regulatory agency of that day, was without power to enforce its own orders. Persons aggrieved by the refusal or neglect of railroad companies to comply with regulatory statutes had to resort to private litigation in the courts of law and chancery. This procedure proved to be entirely inadequate to serve the public and private needs in the operation of railroads. Chief Justice Rowell has pointed out that this—"seems to have been the first time the Legislature took the matter in hand with a view to remedy the shortage of authority by conferring enough more to enable the (railroad) commissioners to deal with the matters within their jurisdiction more effectively and speedily than they had ever been able to do before." *Central Vermont Railway Company* v. *State of Vermont and Town of Hartford,* 82 Vt. 145, 150, 72 A. 324, 327.

Without disturbing ancient statutes affording special remedies concerning the same subject matter, the General Assembly in 1906 delegated to the railroad commission the broadest jurisdiction "to hear, determine, render judgment, and make orders and decrees in all matters provided in the charter of any railroad corporation, or in the statutes of this state relating to railroads." 1906, No. 126 §23, now 30 V.S.A. §806; *Bacon* v. *Boston & Maine Railroad,* 83 Vt. 421, 443, 76 A. 128; *Sabre* v. *Rutland Railroad Co.,* 86 Vt. 347, 361, 85 A. 693; *Town of West Rutland* v. *Rutland Railway Light and Power Co.,* 96 Vt. 413, 421, 121 A. 755. This included jurisdiction in all matters respecting the construction and maintenance of proper fences, cattle guards and farm crossings. The power also extended to the tracks,

which generally include the right of way, (See *Bacon* v. *Boston & Maine Railroad, supra,* 83 Vt. at 429, 76 A. 128), to insure accommodation of the public, safe operation and compliance with the law. 30 V.S.A. § 806(4) (5). The authority conferred on the railroad commission has been transferred through the public service commission to the present public service board. 1908, No. 116 §1; 1959, No. 329 §39. It is broad enough to include questions arising under earlier statutes dealing with related subject matter. *Residents of Royalton* v. *Central Vermont Railway Co.,* 100 Vt. 443, 447, 138 A. 782.

The board's jurisdiction can be invoked on its own initiative, by petition of the attorney general, the state's attorney of the county, by ten or more freeholders, or in such other ways as the law may specifically provide. 30 V.S.A. §§805, 807. And the regulatory agency is required to keep itself informed as to the condition and safety of all railroads and see to it that they comply with the laws governing their operation in this state. 30 V.S.A. §801.

In a matter over which the commission has jurisdiction any person or corporation that claims to be injured by the unlawful action or neglect of those in operation or management of a railroad, may bring his cause for complaint before the commission. And while the town is not given specific standing, such as that afforded to state's attorneys and the attorney general, it is an entirely adequate source of complaint. Once the complaint was before the regulatory agency, it was called upon to investigate the charge of non-compliance with the public service law. Under prevailing statutes, if the petition was reasonably founded, the board was required to hear and determine the issues, with full authority to render judgment appropriate to the evidence. It appears the board has only complied with its statutory duty.

Aside from the jurisdictional consideration, neither the content of the findings, nor the order which followed, was challenged. The errors assigned are overruled.

*Order affirmed. Let the result be certified to the public service board.*

## On Motion for Reargument

**Per Curiam.** �In The defendant has requested rehearing on the ground that there is nothing in the record to indicate the owners of land adjoining the railroad in Fairlee were notified of the proceedings before the public service board. It submits that our holding that the town has legal standing to present its complaint to the public service

board under 30 V.S.A. §805 results in the adjudication of the rights of landowners adjoining the railroad without notice to them as persons affected by the order. These are new questions that were not raised at the hearing before the administrative agency. Neither of these points was presented in the defendant's brief on the appeal to this Court. Rehearing is not available to afford a new opportunity to present questions that were not presented in the tribunal from which the appeal was taken and were not briefed nor argued on review. *Laferriere v. Saliba,* 119 Vt. 25, 35, 117 A.2d 380; *Shea* v. *Pilette,* 108 Vt. 446, 454, 189 A. 154; *In re Moxley's Will,* 103 Vt. 100, 115, 152 A. 713.

Insofar as the motion speaks to the question of the legislative purpose in the enactment of 30 V.S.A. §805, it seeks to reopen a matter that has been previously argued, deliberated and decided. The same is true concerning the complainant's standing to enforce the statute in proceedings before the public service board, in contrast to private litigation to impose civil liability for noncompliance. As to these matters, "(T)he appropriate time for arguing them has passed." *Goodwin, Admx.* v. *Gaston,* 103 Vt. 357, 370, 154 A. 772, 778.

■ We take this occasion, however, to point out that the statutory requirement that railroads construct and maintain fences on the sides of its road contemplates construction and maintenance within the limits of the railroad right of way, without encroachment on the rights of abutting owners. See *Brock* v. *Connecticut and Passumpsic Rivers Railroad Co.,* 35 Vt. 373, 376. The instant proceedings are not concerned with the overburdening of land previously taken. See 30 V.S.A. §1322.

The landowners have not protested the lack of special notice to them, nor have they sought to intervene. We fail to perceive, and the defendant has not demonstrated, how its compliance with the mandate of the statute adjudicates, or in any way disturbs the rights of adjoining landowners.

*The motion for reargument is denied. Let the result be certified to the public service board.*