# Swarthmore Boro. *v.* Philadelphia Rapid Transit Co., Appellant.

*Street railways — Municipalities — Boroughs—Right of entry— Condition precedent—Repair of streets—Contract—Public service companies—Change of road conditions.*

1. The acceptance of a franchise by a street railway company requires compliance with all of its terms, though the carrying out of the contract may eventually result in a serious financial loss to the grantee of the right.

2. In construing a right, and determining the obligation assumed by the parties thereunder, the courts must consider the conditions existing at the time it was entered into, but if there is a specific agreement to do a certain thing, this must be complied with, notwithstanding the cost involved is greater than that originally considered likely.

3. Where a street railway contracts with a borough, in consideration of the use of a street, to keep the same in repair at all times with "telford or macadam," and a suit is brought against it by the

borough for the cost incurred by the borough for repaving the street with telford or macadam, the defendant cannot deny liability on the ground that repairs were useless in view of the present-day conditions of automobile traffic, which would necessarily result in a destruction of the new highway within a comparatively short period.

4. In such case the promise was a condition precedent to the right of entry on the street, and no matter how often changes may be required, the cost thereof must be paid by the company so long as it sees fit to occupy the highway.

Mr. Justice Schaffer, dissented.

Argued February 19, 1924. Appeal, No. 251, Jan. T., 1924, by defendant, from order of C. P. Delaware Co., June T., 1923, No. 301, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Swarthmore Boro. v. Phila. Rapid Transit Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Assumpsit for cost of repaving street.

Rule for judgment for want of sufficient affidavit of defense. Before Broomall, J.

The opinion of the Supreme Court states the facts.

Rule absolute: 16 Delaware Co. R. 405. Defendant appealed.

*Error assigned* was, order, quoting record.

*E. Wallace Chadwick,* and *Frederick L. Ballard,* with them *Coleman J. Joyce,* for appellant.—Every contract must be interpreted in view of the subject of it, and the surroundings of the parties at the time: Louck v. Ins. Co., 176 Pa. 638; Nixon & Zimmerman Amusement Co. v. Lee Lash Co., 46 Pa. Superior Ct. 89; Nash v. Towne, 5 Wall. 699.

A change of circumstance may be vital and substantial so as to dissolve a contract, without necessarily involving physical impossibility: Greenberg v. Shipbuilding Co., 277 Pa. 312; Com. v. Bader, 271 Pa. 308; Hay v. Baer,

48 Pa. Superior Ct. 231; Silverthorn v. Silverthorn, 276 Pa. 579; Blands v. Umstead, 23 Pa. 316; Blakeley v. Soua, 197 Pa. 305.

*W. Roger Fronefield,* with him *Albert N. Garrett,* for appellee.—If a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the Act of God, the law, or the other party. Unforeseen difficulties, however great, will not excuse him: Corona Coal Co. v. Dickinson, 261 Pa. 589; Hoy v. Holt, 91 Pa. 88; Hand v. Baynes, 4 Wharton 203; Monaca Boro. v. Street Ry., 247 Pa. 242; Jacobs v. Mingle, 278 Pa. 251; Collingdale Boro. v. P. R. T. Co., 274 Pa. 124; Norristown v. Transit Co., 277 Pa. 459; Com. v. Bader, 271 Pa. 308.

The cases cited by appellant are cases where things, not known of, but relating to, the subject-matter of the contract, were held not to be a part of the contract itself or where the thing or the condition which was the subject-matter of the contract went out of existence.

OPINION BY MR. JUSTICE SADLER, March 17, 1924:

The Borough of Swarthmore granted to a street railway company permission to build its line on a public highway therein known as Yale Avenue, and its rights, and obligations as well, have now passed to the Phila. Rapid Transit Company, the defendant here. Certain conditions were attached to the grant, including a provision that the street occupied should be "telforded or macadamized to a depth of twelve inches when completed, as the highway committee may direct for its full width and full length from curb line to curb line, and at all times be kept in good order." Other duties were imposed, and agreed to, prior to the laying of the tracks, which need not be considered in the present case. The street became in disrepair, and the company was notified to make the necessary improvements. Alleging that the

demand made was unreasonable, a complaint was filed by defendant with the Public Service Commission, resulting in an order that it maintain only that portion of the highway occupied by its rails and ties, and relieving it from performing like work outside of the part actually occupied. On appeal to the Superior Court (Swarthmore v. Pub. Ser. Com., 80 Pa. Superior Ct. 99), this decree was reversed, and the latter was affirmed by this court: Swarthmore Borough v. Pub. Ser. Com., 277 Pa. 472.

The necessary rebuilding was performed by the municipality, and this action is brought to secure reimbursement for the money expended. An affidavit of defense was filed denying liability, on the ground that the repairs were useless, in view of the present-day conditions, which would necessarily result in a destruction of the new highway within a comparatively short period, since a "telforded or macadamized road" could not bear the strain of the traffic now passing over it.

In many cases, this court has been called upon to decide the extent of the obligation of a street railway company, which has entered on a public highway under an ordinance attaching conditions to the use of the street occupied by its tracks. It has uniformly been held that the acceptance of the franchise requires compliance with all of its terms, though the carrying out of the contract may eventually result in a serious financial loss to the grantee of the right: Norristown v. Reading T. & L. Co., 277 Pa. 459. Where a liability to do something is assumed, and is made a condition precedent, and this cannot be complied with, the street railway company must, in a legal way, secure a release of the obligation, or remove its lines from the streets which it has been permitted to occupy. A different situation arises where the condition is subsequent; then it must appear that the municipality, when it attempts to impose new obligations, is acting reasonably: Valley Rys. v. Mechanicsburg, 265 Pa. 222. If, however, the railway company

agrees to do certain things, in consideration of the right given to construct the line, it must perform as stipulated, or suffer the penalty arising from failure to do so: Allegheny v. Millville E. & S. St. Ry. Co., 159 Pa. 411.

It is suggested that the modern type of highway was not in contemplation of the parties at the time of the consummation of the contract now in question, when the defendant's predecessor expressly covenanted to keep the road in proper condition.   Under the common law rule, the railway company was bound only to keep in reasonable repair the portion of the highway occupied, and this was required irrespective of any agreement made with the municipality: Reading v. United Trac. Co., 215 Pa. 250.   But the duty was complied with if the method of paving existing at the time it was built was followed: Phila. v. Hestonville R. R. Co., 177 Pa. 371; Williamsport v. Williamsport Ry. Co., 206 Pa. 65.   If the municipality determined upon a repaving of a different character, the railway was not required to pursue the new plans adopted, and improve the portion of the street occupied by it in a more expensive way.   Where, however, it has agreed to make changes in the roadway in a manner which may be determined upon by the borough, a different situation arises, though the cost may cause embarrassment: Sayre Borough v. Waverly Trac. Co., 270 Pa. 412; Chambersburg v. C. & G. Ry. Co., 258 Pa. 57; Collingdale Borough v. P. R. T. Co., 274 Pa. 124; Phila. v. 13th and 15th Sts. Pass. Ry. Co., 169 Pa. 269.

In the present case, the defendant agreed to keep in repair Yale Avenue from curb to curb and "at all times ......in good order" with "telford or macadam."   There is no statement in the affidavit of defense that the work done by the Borough of Swarthmore,—the highway in question being admittedly in bad condition,—was other than of this character.   But it was insisted that the rebuilding of a road of this material was useless, since the same could not adequately bear the traffic now prevailing, and that to reconstruct, so that it would be sufficient

for present needs, was not considered by the parties at the time of the execution of the contract. The contention is that travel by horse-drawn vehicles was alone in mind when the ordinance was passed, and that the parties had in thought only the renewal of a street which might become broken or exhausted by the use then in contemplation, and not such a repair as might become necessary by the moving of heavy cars along it, causing an additional strain on the roadbed. It is true that, in construing a contract, and determining the obligation assumed by the parties thereunder, we must consider the conditions existing at the time it was entered into, but if there is a specific agreement to do a certain thing, this must be complied with, notwithstanding the cost involved is greater than that originally considered likely: Com. v. Bader, 271 Pa. 308. Contingencies not provided against in a written agreement will not ordinarily excuse performance.

We cannot assent to the suggestion made by the defendant here. The railway company acquired its right to occupy the street upon the stipulation that it repair and at all times keep it in good order. With this understanding the grant was accepted. The use of automobiles, thus making necessary more extensive outlays, does not relieve it from the responsibility assumed. The promise was a condition precedent to the right of entry, and no matter how often changes may be required, the cost thereof must be paid by the street railway, so long as it sees fit to occupy the highway.

The assignments of error are overruled, and the judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER.

For the reasons stated in my dissenting opinion in Swarthmore Borough v. Public Service Commission, 277 Pa. 472, I cannot agree with the conclusion reached in this case.