RUTLAND RAILWAY LIGHT AND POWER COMPANY *v.* TOWN OF WEST RUTLAND.

October Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 14, 1925.

*Street Railroads—Public Service Commission Cannot Modify Order Directing Street Railroad Company to Maintain Track Area, so as to Conflict with Charter Requirements— Petition for Mandamus to Enforce Order of Public Service Commission Takes Precedence Over Petition Filed Contemporaneously with Commission to Be Relieved of Order and Transfers Controversy to Supreme Court—Public Service Commission Has No Authority to Permit Abandonment of Portion of Railroad.*

1. Public Service Commission, having made an order directing a street railway company to maintain its track area in accordance with the requirements of its charter, has no authority to relieve the company from performance of the order or otherwise modify it so as to conflict with such requirements.

2. Under Acts 1923, No. 92, § 3, petition to Supreme Court for mandamus to enforce order of Public Service Commission, directing street railway company to maintain its track area in accordance with requirements of its charter, has precedence over application filed contemporaneously with Commission to be relieved from such order, and takes the matter embraced in the order out of jurisdiction of Commission and transfers the controversy to the Supreme Court.

3. Public Service Commission possesses only such powers as are conferred upon it by express legislative grant, or such as arise therefrom by implication as incidental to full exercise of powers granted, and, no authority having been granted Commission to permit abandonment by a railroad of a portion of its line, Commission was without jurisdiction to grant such a request.

APPEAL from order of Public Service Commission, Rutland County, dismissing application of Rutland Railway Light and Power Company to be relieved from a previous order of Commission directing such company to maintain its track area in accordance with the requirements of its charter, and for leave to abandon a certain portion of its railroad. The opinion states the case. *Appeal dismissed.*

*Stickney, Sargent & Skeels, Frank K. Foster,* and *Fenton, Wing & Morse* for appellant.

*Lawrence, Stafford & Bloomer* for appellee.

BUTLER, J. This is an appeal from an order of the Public Service Commission, dismissing the application of the Rutland Railway Light and Power Company to be relieved from a previous order of the Commission made on February 14, 1924, requiring it to reconstruct its track area in certain highways in the village of West Rutland, according to specifications, on or before July 1, 1924, and for leave to abandon that portion of its

railway situate thereon and westerly thereof to Fair Haven. The petition was dismissed for want of jurisdiction, and the petitioner appealed, so the only question for consideration is whether the Public Service Commission had jurisdiction to grant the relief prayed for. This application was made before the time expired within which the order was to be fully performed, and was regularly presented to the Commission for its consideration.

[1, 2]   The petitioner asks (a) to be relieved from the order; (b) to be authorized to suspend and discontinue operation on that part of its lines described. As to the former, the Commission is clearly without power to modify its order so as to conflict with the terms and requirements contained in the company's charter. *City of Barre* v. *Barre & Montpelier P. & T. Co.*, 88 Vt. 304, 313, 92 Atl. 237. It follows that since the Commission could not relieve the company of its duty respecting the maintenance of its track area, the Commission was without jurisdiction to relieve it from the performance of the order. Moreover, while it may be admitted that the Commission had power to change the details of the order within the scope of its authority as a necessary incident to its powers, at any time before the matters passed out of its control, the record discloses that the petition to this Court for a writ of mandamus to enforce the order in question was filed contemporaneously with the applimation to the Commission to be relieved from that order. The petition for a writ of mandamus, being a statutory proceeding to enforce the orders, etc., was paramount to the application to the Commission, and in law operated to take the matter embraced in the order out of the jurisdiction of the Commission, and to transfer the same to the jurisdiction of this Court pursuant to No. 92, Acts of 1923, § 3. Consequently there was no error in the ruling of the Commission that it was without jurisdiction to relieve the company from the performance of the order.

[3]   Nor did it have jurisdiction to authorize the requested discontinuance of the operation of the specified part of the railroad. The company was seeking permission to abandon that portion of its lines. Authority to grant such permission has not been conferred upon the Commission, which possesses only such powers as are conferred upon it by express legislative grant, or such as arise therefrom by implication as incidental and necessary to the full exercise of the powers granted. *Bos-*

*quet* v. *Howe Scale Co. et al.,* 96 Vt. 364, 120 Atl. 171; *In re James,* 97 Vt. 362, 123 Atl. 385.

*Appeal dismissed, with costs. To be certified to the Public Service Commission.*