TOWN OF WEST RUTLAND ET AL. *v.* RUTLAND RAILWAY LIGHT AND
POWER COMPANY.

October Term, 1924.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 14, 1925.

*Court of Chancery Will Only Take Jurisdiction in Special Cases*
*of Matters Within Jurisdiction of Public Service Commis-*
*sion—Powers    of    Public    Service    Commission—General*
*Supervision of Railroads within Its Primary Jurisdiction—*
*To Preclude Jurisdiction of Court of Chancery, Remedy*
*before Public Service Commission Must Be Equally Effica-*
*cious—Threatened Irreparable Injury and Need for Im-*
*mediate Relief Entitles Plaintiff to Injunctive Relief—Dis-*
*cretion of Court of Chancery as to Extent of Relief—Suffi-*
*ciency of Allegations in Bill to Show Special Damage—Town*
*as Proper Party Plaintiff to Restrain Discontinuance of*
*Street Car Service.*

1.  Court of chancery, not acting as appellate tribunal, will not take
    jurisdiction of matters which law has committed to exclusive
    jurisdiction of Public Service Commission, except in special
    cases presenting some acknowledged and well-defined ground
    of equity jurisdiction.
2.  Public Service Commission has such powers as are expressly con-
    ferred upon it by legislative grant, and such implied powers
    as are incidental thereto and necessary to the full exercise of
    the powers granted.
3.  Under G. L. 5045, 5050, general supervision of railroads, manner
    of operation, and service, "so as to be reasonable and expe-
    dient and to promote the security, convenience and accom-
    modation of the public," is within primary jurisdiction of
    Public Service Commission.
4.  That a remedy might be had on application to Public Service
    Commission does not necessarily render court of chancery
    without jurisdiction, but to preclude such jurisdiction it must
    appear that the remedy by Commission must be as practical

and efficient to the ends of justice and its prompt administration as the remedy sought in equity.

5. When bill to restrain discontinuance of street car service contained allegations showing that irreparable injury was threatened, and that immediate relief was essential, the plaintiff was entitled to relief in equity by way of injunction, the Public Service Commission being without power to grant such relief.

6. In such case, whether court of chancery would take jurisdiction of whole matter, or, as it might, issue a temporary injunction and continue it in force pending an application to the Public Service Commission for an order in the premises, was a question for court to determine.

7. Bill to restrain discontinuance of street car service, although containing no specific allegation of special damage, *held* to contain allegations sufficient to show that special damages would necessarily result.

8. Allegations in such bill, admitted by demurrer, *held* to show that town, representing the public in immediate locality for whose benefit in part road was constructed and operated, and who would be adversely affected by its discontinuance, was a proper party plaintiff.

APPEAL IN CHANCERY. Heard on demurrer to plaintiff's amended bill at March Term, 1924, Rutland County, *Moulton*, Chancellor, presiding. Demurrer sustained and bill dismissed. The plaintiffs filed a motion for an appeal. *Reversed and remanded.*

*Lawrence, Stafford & Bloomer* for the plaintiffs.

*Stickney, Sargent & Skeels* and *Fenton, Wing & Morse* for the defendant.

BUTLER, J. This is a bill in equity brought by the Town of West Rutland in behalf of itself, and all desiring to join in the suit, and by ten residents of the town, customers, and patrons of the railroad company in their private capacity. Subsequently the State had leave to and did enter as a party plaintiff. The defendant filed an answer, and coupled with it a demurrer, as permitted by the rule. It was heard by the court on the demur-

rer to the bill as amended. The demurrer was sustained, the bill adjudged insufficient and dismissed. From this decree the plaintiffs appealed. The only question here for consideration is as to the sufficiency of the bill.

The bill is brought to restrain the defendant from discontinuing its street car service from the corner of Causeway Street and Clarendon Avenue in the village of West Rutland through the main streets of the village to a point near the Delaware & Hudson R. R. Station, a distance of about 2,800 feet. The bill is predicated upon the theory that a discontinuance of the service referred to would result in irreparable injury and great inconvenience to the public, including the plaintiffs and other patrons of the defendant's cars residing in West Rutland. The formal sufficiency of the allegation is not questioned.

Briefly summarized the bill alleges the corporate organization of the defendant, the construction by it of a street railroad, its operation of the railroad between certain points, the requirements of the patrons of the railroad who reside in the vicinity served by the road, the extent of their use of the railroad, including its use for the transportation of pupils to and from school, hereinafter more particularly referred to, the necessity for its operation in a certain manner and over territory in question for the convenience and accommodation of the public including the plaintiffs, the giving of notice by the defendant of an intention to discontinue service over a portion of its line, that discontinuance of service in accordance with such notice would be to the great and irreparable loss and damage of the residents of West Rutland including the plaintiffs, that such discontinuance would be unlawful and contrary to the duties and obligations of the defendant and that the plaintiffs have no adequate remedy except in a court of chancery.

[1] The first and most important ground of demurrer is that the plaintiffs have a complete and adequate remedy by proceedings before the Public Service Commission. It is well settled that the court of chancery, not acting as an appellate tribunal, will not take jurisdiction of the matters which the law has committed to the exclusive jurisdiction of the Public Service Commission, except in special cases presenting some acknowledged and well-defined ground of equity jurisdiction, as when necessary to prevent irreparable injury. *Sayers* v. *Montpelier & Wells River R. R. Co.*, 90 Vt. 201, 208, 97 Atl. 660, Ann. Cas.

1918B, 1050. Speaking generally, the allegations relate to the question of service to be rendered by the defendant to the plaintiffs and the rest of the public. Some point is made respecting an alleged change of route of defendant's railroad without the consent of the selectmen of West Rutland, contrary to the terms of its charter, but we take no time with that question.

[2, 3] The Public Service Commission has such powers as are expressly conferred upon it by legislative grant, and such implied powers as are incidental thereto and necessary to the full exercise of the powers granted. *Rutland Railway L. & P. Co.* v. *Town of West Rutland,* 98 Vt. 385, 127 Atl. 882. By G. L. 5045 the Commission is given general supervision of all railroads within the State, and of those owning or operating the same, "so far as may be necessary to enable it to perform the duties and exercise the powers conferred upon it;" and by G. L. 5050 subd. IX, it is provided that the Commission shall have jurisdiction of all matters respecting, "the manner of operating railroads and conducting the business thereof so as to be reasonable and expedient and to promote the security, convenience and accommodation of the public." The subject-matter of the bill relates to the kind, character, and extent of the service which the defendant is required to render to "promote the convenience and accommodation" of the people who are to be served by the defendant's railway and in the public interest.

We think it clear that the supervision of such matters is within the primary jurisdiction of the Public Service Commission. This case does not present the question respecting the power of the Commission to authorize the abandonment of a portion of the railway which arose in *Rutland Railway L. & P. Co.* v. *Town of West Rutland, supra.* The former is undoubtedly committed to the Public Service Commission, while the latter is not.

[4-6] But it does not follow that the court of chancery is without jurisdiction to grant the relief here prayed for. To preclude such jurisdiction it is not enough that a remedy might be had on application to the Public Service Commission, but the remedy there must be "as practical and efficient to the ends of justice and its prompt administration," as the remedy sought in equity. *Bourke* v. *Olcutt Water Co.,* 84 Vt. 121, 78 Atl. 715, 33 L. R. A. (N. S.) 1015, Ann. Cas. 1912D, 108; *Quinn* v. *Valiquette,* 80 Vt. 434, 447, 68 Atl. 515, 14 L. R. A. (N. S.) 962;

*Heath* v. *Capital Sav. Bk. & Tr. Co.*, 79 Vt. 301, 305, 64 Atl. 1127. That such a remedy is not considered adequate when the case presented is one that demands preventive relief is sufficiently shown by our cases. *Bourke* v. *Olcutt Water Co., supra; Holton* v. *Hassam*, 94 Vt. 324, 328, 111 Atl. 389. The allegations of the bill show that irreparable injury was threatened, and that immediate relief was essential.

This entitled the plaintiffs to relief by way of injunction. It is manifest that the Public Service Commission cannot grant this relief. Whether the court of chancery would, in the circumstances, take jurisdiction of the whole matter, or, as it might, issue a temporary injunction and continue it in force pending an application to the Public Service Commission for an order in the premises, is a question for that court to determine. *Averill* v. *Vermont Valley R. R.*, 88 Vt. 293, 299, 92 Atl. 220.

The record shows that before the demurrer was disposed of the State of Vermont by Allen R. Sturtevant, as special counsel, applied for and had leave to enter ''as a party complainant,'' and its motion to intervene clearly shows that it adopted the allegations of the bill as stating its cause of action. The right of the State as a proper party plaintiff is not challenged by the demurrer, nor is any question made as to the sufficiency of the bill so far as the State is concerned other than that it is asserted that the bill shows the subject-matter thereof to be entirely within the jurisdiction of the Public Service Commission. This is disposed of by what has already been said.

[7] The demurrer challenges the sufficiency of the bill so far as the individual plaintiffs are concerned on the ground that it contains ''no allegations of any damage resulting, or to result, to the plaintiffs * * * or to any of them,'' and no allegation of ''any special damage to the plaintiffs or any of them which entitles them * * * to relief in a private action.'' The bill alleges that: ''Many people residing in West Rutland, including some of your petitioners, work in Rutland (four miles distant) and depend upon and use said street cars to get to and from their homes to their places of employment * * * that said inhabitants so residing in West Rutland aforesaid, including some of the petitioners, do a considerable amount of shopping and trading in the City of Rutland * * * and use and depend upon said street railway in buying and shopping in the City of Rutland, and if said service is not continued to the point where it is now

carried on said patrons will be unable to do their shopping and buying in the City of Rutland to their great loss * * * that a continuance of said street car service, as the same now exists, is necessary to furnish to the inhabitants of said West Rutland, including the individuals named in this petition, proper and convenient access to and from their places of employment, schools, place of business, and churches as aforesaid, and a discontinuance of said street car service, * * * as proposed by said defendant corporation will work irreparable loss and injury to the petitioners in this case and the other inhabitants of said town of West Rutland.''

While there is no specific allegation of special damages, enough is alleged to show that such damages must necessarily result, if defendant's service is discontinued. This, we think, is sufficient to meet the objection raised by the demurrer. The allegations · show such a special interest in some of the individual plaintiffs (and the demurrer makes no distinction between them) as makes them proper parties. In *Brown* v. *Atlantic, etc., Ry. Co.*, 126 Ga. 248, 55 S. E. 24, 7 Ann. Cas. 1026, a case much like this one, it was said: ''It is also said that if the dismantling of the section of the road involved in this controversy is unlawful, nevertheless the plaintiffs are not entitled to bring this action, but it should be brought by the state. But if the plaintiffs will suffer special damages, not merely as members of the public, but by reason of their residences and the location of their businesses, and investments, and shipments made by them, and the surrounding circumstances disclosed by evidence, we do not see any reason why they may not bring an action to prevent the removal of the road, if wrongful.''

[8] It seems equally clear that the town of West Rutland is a proper party plaintiff to these proceedings. Besides the allegations of the bill above quoted, it appears that many school children residing in the plaintiff town depend upon and use the street cars in getting to and from the schools in the town of Rutland and in the city of Rutland and that they will be obliged to give up attending school in the city of Rutland unless the car service is continued as asked for by the plaintiffs, and that the same is true of children attending the Polish school; that many of the residents of the town of West Rutland depend upon the car service to get to and from their homes, to the places of business in said town, and the churches in the said town and vicinity.

The truth of these allegations being admitted by the demurrer, we think it sufficiently appears that the town representing the public in that immediate locality for whose benefit in part the road was constructed and has been operated may properly join in this proceeding to protect such public rights. This would be so under the holding in *State ex rel Bridgeton* v. *Bridgeton, etc., Traction Co.,* 62 N. J. Law, 592, 43 Atl. 715, 45 L. R. A. 437, which although a proceeding for mandamus involves the principle here recognized.

And more than this, in the instant case the allegations clearly show that the proposed discontinuance of service by the defendant will seriously interfere with the education of the children residing in the plaintiff town, a matter in which the town is directly and vitally interested by reason of the duty relating thereto delegated to it by the State, the expense of which, largely, it, by law, must bear.

*Decree reversed, demurrer overruled, bill adjudged sufficient and cause remanded.*