TRUSTEES OF NEWPORT CENTER ET AL. *v.* NILES ET AL.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 11, 1929.

122

*Porter, Witters & Longmoore* for the appellants and petitionees.

*Walter H. Cleary* for the appellees and petitioners.

POWERS, J. The defendants, as partners, own and operate a water system in the village of Newport Center, and there supply such persons as become customers with water for domestic use. The service, quality, and supply having become unsatisfactory, the plaintiffs sought relief by way of a petition to the Public Service Commission. Upon due notice, a hearing was had thereon, and, having made its findings of fact, the commission issued its order directing the defendants to make all

necessary repairs to their pipe lines and to obtain an additional source of water supply on or before a date specified. From this order the defendants appealed.

 The findings, which are not excepted to, show that - the water system is so out of repair that the supply, both in quantity and quality is inadequate and unfit. It is not found, however, either expressly or by implication, that the "Hilliker Spring" and the "Brown Spring," which are the present sources of the water supply, would be unable to furnish an adequate quantity of water if the pipes and equipment were put into proper repair. So the necessity for an additional source of supply is not made apparent. The petitioners insist that, inasmuch as such necessity was essential to the validity of the order, we should assume that the commission found that fact by way of an inference from the facts reported. This position is untenable. The commission is an administrative body of limited, though extensive jurisdiction. *Sabre* v. *Rutland R. R. Co.,* 86 Vt. 347, 85 Atl. 693, Ann. Cas. 1915C, 1269; *Town of West Rutland* v. *Rutland Ry. L. & P. Co.,* 96 Vt. 413, 121 Atl. 755. It has only such powers as are expressly conferred upon it by the Legislature, together with such incidental powers as are necessary to the full exercise of those so granted. *Town of West Rutland* v. *Rutland Ry. L. & P. Co.,* 98 Vt. 379, 127 Atl. 883. All jurisdictional facts, therefore, must appear by the record, either expressly or by necessary implication. *Town of Waterbury* v. *Central Vermont Ry. Co.,* 93 Vt. 461, 108 Atl. 423. Nothing is presumed in favor of the jurisdiction of the commission, and it can go only so far in matters within that jurisdiction as is reasonably necessary to accomplish its lawful purposes and that which may fairly be regarded as an incident thereto. *Besette* v. *Goddard,* 87 Vt. 77, 88 Atl. 1. In that case, which was a grade-crossing case, the findings failed to show that the order made was reasonably necessary to accomplish the proposed elimination, and it was held that this omission was fatal to the order. So here, the failure to show by the findings that the acquisition of a further source of supply is reasonably necessary to enable the defendants to furnish its customers with an adequate supply of wholesome water is fatal to the order appealed from.

*Order reversed, and cause remanded for such further proceedings as may lawfully be required, not inconsistent with the views herein expressed.*

NOTE.—When this case was argued it was assigned to Mr. Justice Chase. Upon his retirement, and at the February Term, 1929, it was re-assigned to Mr. Justice Powers.